UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTWION D. HANKINS,<br><br>    Plaintiff,<br><br> v.<br><br>HYDRO CONDUIT, LLC,<br><br>    Defendant. | Case No. 2:18-cv-02034-APG-DJA<br><br>**REPORT AND RECOMMENDATION** |

  This matter is before the Court on Plaintiff's failure to comply with multiple Court Orders. On July 26, 2019, the Court granted the withdrawal of Plaintiff's counsel and ordered Plaintiff to file a written notice stating whether he intends to represent himself by August 16, 2019 (ECF No. 29). He failed to do so.

  Subsequently, the Court granted Plaintiff an extension of time to October 22, 2019 to file a written notice stating whether he intends to represent himself. (ECF No. 35). In addition, the Court granted Defendant's Motion to Compel on October 8, 2019, which Plaintiff failed to oppose, and ordered him to respond to Defendant's written discovery requests and appear for his properly noticed deposition by November 7, 2019. (ECF No. 35). Plaintiff failed to comply with that Order.

  In fact, Plaintiff filed a notice on October 22, 2019 that he has an attorney, which prompted the Court to request that his counsel enter an appearance by November 4, 2019. (ECF No. 38). When no such appearance was entered, the Court scheduled a hearing for November 7, 2019 and ordered Plaintiff to appear in person. (ECF No. 40). Plaintiff failed to attend the November 7, 2019 hearing and the counsel who attended the hearing indicated that he had not been retained and had communicated to Plaintiff that he did not accept the case. (ECF No. 42).

The Court then issued an order giving Plaintiff one more chance to file a written notice indicating whether he intends to represent himself in this action by November 15, 2019 and again ordering that he respond to Defendant's written discovery by November 15, 2019.  (ECF No. 41). In doing so, the Court warned Plaintiff "<u>for a third time</u> that unless and until he retains a new attorney, he is responsible for all deadlines in this case." (ECF No. 41).  Further, the Court stated, "**Failure to notify the Court as to Hankins' representation may subject him to dispositive sanctions, including a recommendation for dismissal of this action.**" (ECF No. 41).

To date, Plaintiff has neither retained counsel nor notified the Court of his intent to represent himself in this action.  He has failed to appear for a hearing before the Court on November 7, 2019.  He has also failed to provide discovery responses to Defendant or appear for his deposition despite being ordered to do so by two Court orders.  Therefore, it appears that Plaintiff has abandoned this case.

The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.  The rules provide several mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.  Rule 16(f) specifically provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling order or other pretrial order."  Potential sanctions under Rule 37(b)(2)(A)(ii)-(vii) include dismissal.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v).

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in extreme circumstances.  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In*

*re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted).  "These factors are not a series of conditions precedent before the judge can do anything, but a way for the district judge to think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998).  Although preferred, it is not required that the district court make explicit findings to show that it has considered these factors.  *Id*.  A dismissal sanction will only be overturned if the reviewing court is left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions."  *Id*.  (internal citations and quotations omitted).

### 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227.  Here, Plaintiff has failed to comply with Court Orders ECF No. 29, 35, 40, 41.  The Court has been patient in order to permit Plaintiff with every opportunity to proceed with discovery in this case.  The failure to do so is inconsistent with the Federal Rules directive to "secure a just, speedy, and inexpensive" determination.

### 2. Court's Need to Manage Its Docket

It has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).  As the Supreme Court has held, the sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc*., 427 U.S. 639, 642 (1976).  Plaintiff has been given every opportunity to proceed in this matter, but he has failed to do so.  The failure to comply with the Court's orders has made it impossible for this case to move forward and for the Court to effectively manage its docket.

### 3. Risk of Prejudice to the Defendant

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Thoeren*, 913 F.2d at 1413. The failure to move this case forward by complying with the Court's orders is prejudicial to the defendant in this action.

### 4. Public Policy

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impeded progress in that direction." *Id*. Because a plaintiff is responsible moving a case forward, his conduct in causing delay and thwarting progress supports dismissal.

### 5. Less Drastic Sanctions

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id*. at 132. Less drastic sanctions would not be effective in this case as Plaintiff has failed to comply with multiple Court orders and is refusing to participate in discovery. The Court has provided Plaintiff with every opportunity to avoid dismissal. Plaintiff was specifically warned that the failure to comply with the Court's Order (ECF No. 41) would result in a recommendation that the case be dismissed. At this point, the undersigned can only surmise that Plaintiff has abandoned his claims and has no intention of moving forward.

IT IS THEREFORE RECOMMENDED that Plaintiff's case be DISMISSED.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served

with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 12, 2019

　　　　　　　　　　　　　　　　　　　　　　　　
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE